**Matthew S. Salerno**
Direct Dial: (212) 906-4738
matthew.salerno@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

November 21, 2022

**VIA ECF**
Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Portal Instruments, Inc. v. LEO Pharma A/S*, 1:22-cv-09156-LGS (S.D.N.Y.)

Dear Judge Schofield:

Latham & Watkins LLP serves as counsel to Portal Instruments, Inc. ("Portal") in the above-captioned action.  On October 25, 2022, Portal filed a complaint against LEO Pharma A/S ("LEO") alleging breach of contract and bad faith counts concerning the performance of a certain commercial contract between Portal and LEO.  (ECF No. 1).  Portal redacted certain limited information within the Complaint, as requested by LEO.  The Complaint also referred to exhibits which were not filed: the parties' Collaboration and License Agreement dated December 3, 2019 (the "Agreement") (referred to in the Complaint as "Exhibit A"), and a September 15, 2021 Termination Notice from LEO to Portal (referred to in the Complaint as "Exhibit B").

Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, Portal respectfully seeks leave to file under seal its unredacted Complaint and Exhibits A and B to the Complaint.  Portal also seeks leave to file the Complaint in redacted form on the public docket.  The attached Appendix A identifies all parties and attorneys of record who should have access to the sealed documents.

Portal acknowledges that the public generally has an interest in judicial proceedings, and that there is a "presumption of access" to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  To determine whether that presumption applies in any given case, the Court must first determine if the documents at issue are "judicial documents," that is, documents that are "relevant to the performance of the judicial function and useful in the judicial process."  *Id.* (citation omitted).  Next, the Court must "determine the weight of that presumption" based on the "value of such information to those monitoring the federal courts."  Finally, "the court must balance competing considerations" against the weight of that presumption of access.  *Id.* at 120.

Section 14.3 of the Agreement requires Portal to inform LEO if it intends to disclose any of LEO's confidential information in a court filing, and to provide LEO with an opportunity to

LATHAM&WATKINS LLP

seek a protective order. Portal informed LEO of its intent to file a Complaint containing information that LEO may view as confidential. Portal also provided LEO with a draft of the Complaint. LEO responded by requesting that Portal redact portions of the Complaint that contained or discussed: 1) details of the parties' Agreement, 2) amounts paid by or owed from LEO to Portal, and 3) product studies conducted by or on behalf of LEO.[1] Portal's Exhibits included the Agreement, which LEO requested remain confidential, and a letter that described terms of the Agreement. Accordingly, Portal filed a Complaint that redacted only the information LEO specifically requested that it redact, and did not attach its Exhibits.

Portal respectfully requests that the Court grant this request pending the Court's evaluation of a letter from Defendant "explaining why it seeks to have certain documents filed in redacted form or under seal," as required by Your Honor's Individual Rule I.D.3.


Dated: November 21, 2022

Respectfully submitted,

/s/ Matthew S. Salerno
Matthew S. Salerno

LATHAM & WATKINS LLP
Matthew S. Salerno
*matthew.salerno@lw.com*
1271 Avenue of the Americas
New York, New York 10020-1401
Telephone: (212) 906-1200

Steven J. Pacini (admitted *pro hac vice*)
Samuel A. Barrows (admitted *pro hac vice*)
*steve.pacini@lw.com*
*sam.barrows@lw.com*
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000

*Counsel for Plaintiff Portal Instruments, Inc.*


Cc:    Mark Gimbel, Esq., Covington & Burling LLP
       Counsel for Defendant, via email

---

[1]    As Portal redacted its Complaint at LEO's request and the redacted information relates to LEO's business and operations, Portal takes no position on whether the materials filed under seal are properly designated as confidential. Portal reserves the right to challenge the confidentiality designation of any material filed in this action at a later time.

LATHAM&WATKINS LLP

## Appendix A

| Parties | Counsel |
|---|---|
| Portal Instruments, Inc., Plaintiff | **Latham & Watkins LLP**<br>Matthew S. Salerno<br>matthew.salerno@lw.com<br><br>Steven J. Pacini<br>steven.pacini@lw.com<br><br>Samuel A. Barrows<br>sam.barrows@lw.com |
| LEO Pharma A/S (Defendant) | **Covington & Burling LLP**<br>Mark P. Gimbel<br>mgimbel@cov.com<br><br>Jared S. Manes<br>jmanes@cov.com<br><br>Jordan S. Joachim<br>jjoachim@cov.com |