**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

By CM/ECF

November 22, 2022

Honorable Lorna G. Schofield
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> By **December 2, 2022,** Plaintiff shall file an unredacted version of the Complaint, attaching the omitted exhibits, under seal.  The Court reserves decision on the motion pending review of the materials Defendant seeks to file under seal.  So Ordered.
>
> Dated: November 29, 2022
>         New York, New York
>
> *LORNA G. SCHOFIELD*
> **UNITED STATES DISTRICT JUDGE**

Re:  *Portal Instruments, Inc. v. LEO Pharma A/S*, 1:22-cv-09156-LGS

Dear Judge Schofield:

  We represent the Defendant, LEO Pharma A/S ("LEO").  We write, pursuant to Rule I.D.3 of Your Honor's Individual Rules, to explain LEO's position that certain information in Portal's Complaint should be redacted and filed under seal.  Portal Instruments, Inc. ("Portal") takes no position regarding the sealing of this information.

  This is a breach of contract action relating to the parties' Collaboration and License Agreement (the "Agreement"), under which the parties agreed to jointly develop a proprietary drug delivery system to be used with LEO's drug products.  In light of the confidential and proprietary nature of the parties' collaboration, the parties included a confidentiality provision in the Agreement requiring the confidential treatment of, *inter alia*, information generated under the Agreement and the terms of the Agreement.  Agreement § 14.  In accordance with that provision, LEO requested that Portal redact certain information in its Complaint regarding the parties' collaboration.

  While there is a common law presumption in favor of permitting public access to judicial documents, a "court must balance competing considerations against it," including "the privacy interests of those resisting disclosure."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks omitted).  For example, courts in this District commonly find that documents "containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like" meet the standard for sealing because such information "is sensitive and potentially damaging if shared with competitors."  *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (internal quotation marks omitted).

  Here, LEO requests that two categories of information be maintained under seal: (1) the Agreement and the Complaint's allegations describing its specific commercial terms and (2) the

COVINGTON

November 22, 2022
Page 2

Complaint's allegations describing the study and analysis completed during the research and development of the parties' proprietary technology.

      First, with respect to the terms of the Agreement, sealing is appropriate because the Agreement includes confidential research and development plans regarding the proprietary technology the parties were developing and competitively sensitive financial information regarding the parties' collaboration.  *See, e.g.*, *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (granting request to seal non-public terms of patent licensing agreements, commercial development agreements, and subsequent amendments because of the risk of competitive business harm); *Gracyzk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations").

      Second, sealing is likewise appropriate for the details of the pharmacokinetic study and related analysis alleged in the Complaint.  These allegations include confidential research and development information regarding the proprietary technology being developed by the parties and the delivery of LEO's drug products.  *See, e.g.*, *In Re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig.*, 2021 WL 2258293, at *2 (S.D.N.Y. June 3, 2021) (granting request to seal documents revealing "confidential research and development information and data gleaned from internal tests and investigation"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning the plaintiff's "research and development for new products").

      LEO thanks the Court for its attention to this matter.

      Respectfully submitted,

      /s/ Mark P. Gimbel

      Mark P. Gimbel

cc:    All counsel of record (by CM/ECF)