UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
PORTAL INSTRUMENTS, INC.,                                   :
                              Plaintiff,      :
                                                            :      22 Civ. 9156 (LGS)
             -against-                                     :
                                                            :      ORDER
LEO PHARMA A/S,                                             :
                              Defendant.     :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on October 25, 2022, Plaintiff initiated this Action by filing a redacted Complaint. Plaintiff did not file exhibits referenced in the Complaint. On November 21, 2022, Plaintiff filed a letter motion to file the Complaint and two exhibits under seal. On November 22, 2022, Defendant filed a letter in support of the motion to seal. The parties' letters explain that Defendant seeks to file the relevant documents under seal pursuant to a confidentiality provision in the contract that forms the basis of this suit, and that Plaintiff takes no position as to sealing.

        WHEREAS, Defendant's proposed redactions to the Complaint seek to file under seal the amount of payments from Defendant to Plaintiff and factual allegations regarding Defendant's alleged non-performance under the contract and breach of the implied covenant of good faith. Defendant further seeks to file the two exhibits to the Complaint -- the relevant agreement and Defendant's notice of termination of the agreement -- entirely under seal.

        WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches,

is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted).  The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).  In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, the Complaint and its exhibits are judicial documents.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." (internal quotation marks omitted)).  The presumption of public access is particularly strong for these documents.  *See id.* at 142 ("[W]e easily determine that the weight of the presumption here is strong.  Pleadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power.").

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted). However, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause." *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015).

WHEREAS, the fact that parties to a contract deem that contract confidential does not, in and of itself, rebut a presumption of public access.  *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases).  It is hereby

**ORDERED** that Defendant's motion to seal is **DENIED**, without prejudice to renewal.  Defendant's letter provides only conclusory statements that sealing is appropriate.   For example, Defendant characterizes the amounts due under the contract as "competitively sensitive financial information regarding the parties' collaboration."  Defendant offers no basis for concluding that this information is sensitive, beyond its inclusion in an agreement the parties deem confidential.  Treating the amount paid pursuant to a contract with a confidentiality provision as inherently sensitive would permit the sealing of many garden variety contract disputes.  Further, Defendant argues that the allegations of the Complaint include "confidential research and development information."  Defendant does not offer any basis for concluding that disclosure of these allegations -- which are central to Plaintiff's claims of breach and subject to a particularly strong presumption of public access -- would result in any competitive harm.  Defendant seeks to file the Termination Notice sent by Defendant wholly under seal, with no indication what sensitive information is contained in the Notice or how its disclosure could plausibly harm Defendant.

If Defendant wishes to renew its motion to seal, it shall file a renewed letter motion by **December 23, 2022**, attaching the Complaint and its exhibits with proposed redactions.  Any proposed redactions shall be "narrowly tailored," *Lugosch*, 435 F.3d at 120, and shall reflect the strong presumption of public access at issue.  Such a letter shall identify, with specificity, how disclosure of the information Defendant seeks to file under seal could plausibly lead to

competitive harm or otherwise overrides the strong presumption of public access.

The parties are directed to Individual Rules I.C.2 and I.D.3, which require any party seeking to file a document under seal to file any such document on ECF. Such electronic filings shall be made contemporaneously with a motion to seal.

Dated: December 20, 2022
      New York, New York

                                        LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE