December 28, 2022
Page 6

LATHAM&WATKINS LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Portal Instruments, Inc.,

                Plaintiff,

v.

LEO Pharma A/S,

                Defendant.

Case No. 1:22-cv-09156-LGS

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent __ / do not consent  X ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have  X  / have not _____ ] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No  X  ]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?  https://nysd.uscourts.gov/rules.
[Yes _____ / No  X  ]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules?  https://nysd.uscourts.gov/rules   and   https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No  X  ]

    d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  https://nysd.uscourts.gov/hon-lorna-g-schofield.

**LATHAM&WATKINS**LLP

[Yes _____ / No _X_ ]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have _X_ / have not _____] taken place.

   b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
      N/A

   c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

      Prior to the filing of litigation the parties discussed settlement and were unable to reach agreement. Subsequent to the filing of litigation, the parties once again discussed settlement, and those discussions are ongoing. In light the parties' ongoing discussions, they do not believe that an alternative dispute resolution mechanism would be beneficial at this time.

   d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

      After decision on LEO's anticipated motion to dismiss and any fact discovery is complete.

   e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after December 28, 2022 without leave of Court.

6. Amended pleadings may be filed without leave of Court until December 28, 2022.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than December 28, 2022.

**LATHAM&WATKINS**LLP

8. Fact Discovery

All fact discovery shall be completed no later than: <u>May 4, 2023</u>

a. Requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by: <u>January 11, 2023</u>.

b. Parties will promptly begin production of responsive documents upon receipt of the other side's requests for production, substantially complete production by <u>March 3, 2023</u>, and complete productions in response to all document requests by <u>March 27, 2023</u>. Do the parties anticipate e-discovery?  [Yes <u>X</u> / No <u> </u>]

c. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by: <u>March 27, 2023</u>

d. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>May 4, 2023</u>

e. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>March 27, 2023</u>

f. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery [if applicable]

a. Anticipated types of experts if any:

<u>Should this action survive Defendant's anticipated motion to dismiss, Defendant believes that it may be necessary to obtain expert testimony relating to the PK Study Report and/or bioequivalence.</u>

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than <u>June 19, 2023</u>.
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]*

c. If you have identified types of experts in question 9(a), by <u>April 4, 2023</u> the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is <u>X</u> / is not <u> </u>] to be tried to a jury.

11.  Counsel for the parties have conferred and their present best estimate of the length of trial is <u>2 days</u>.

12.  Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    <u>The parties have agreed to this schedule, which conforms to the Court's guidance that discovery should ordinarily be completed within 120 days, on the assumption that document production will be limited in scope and that the need for translation of foreign-language documents will not significantly delay document collection and review.  In the event that these assumptions prove incorrect, the parties acknowledge that it may be necessary to apply to the Court for a brief extension of the discovery schedule.  Each party reserves its rights to make or oppose any such application.</u>

13.  Status Letters and Conferences

    a.  By <u>March 6, 2023</u> *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b.  By <u>May 18, 2023</u> *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c.  On ~~July 3, 2023 at 10 A.M.~~ July 12, 2023 at 4:10 P.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i.  A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1.  Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule.  The motion will be discussed at the conference.  To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333.  The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.**  The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions.  The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

LATHAM&WATKINS LLP

      This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

      Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

      The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

      SO ORDERED.

Dated: January 3, 2023
New York, New York

                                                    LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

| **LATHAM & WATKINS LLP** | **COVINGTON & BURLING LLP** |
|---|---|
| /s/ Steven J. Pacini | /s/ Mark P. Gimbel |
| Steven J. Pacini (admitted *pro hac vice*) | Mark P. Gimbel |
| Samuel A. Barrows (admitted *pro hac vice*) | Jordan S. Joachim |
| 200 Clarendon Street | The New York Times Building |
| Boston, MA 02116 | 620 Eighth Avenue |
| Telephone: (617) 948-6000 | New York, New York 10018 |
| steven.pacini@lw.com | Tel: (212) 841-1000 |
| sam.barrows@lw.com | Fax: (212) 841-1010 |
| | mgimbel@cov.com |
| Matthew Salerno | jjoachim@cov.com |
| 1271 Avenue of the Americas | |
| New York, New York 10020-1401 | *Counsel for Defendant LEO Pharma A/S* |
| Telephone: (212) 906-1200 | |
| matthew.salerno@lw.com | |
| | |
| *Counsel for Plaintiff Portal Instruments, Inc.* | |